UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Derek Joseph Carlson,

        Defendant.

Criminal No. 07-123(4) (JNE)
Civil No. 12-151 (JNE)
ORDER

After a jury had found Derek Joseph Carlson guilty of conspiracy to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, the Court denied his motion for a new trial, denied his attorney's motion to withdraw, and sentenced him to 130 months' imprisonment. Carlson appealed, and the Eighth Circuit affirmed. *United States v. Carlson*, 613 F.3d 813 (8th Cir. 2010), *cert. denied*, 131 S. Ct. 1058 (2011). The case is before the Court on Carlson's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Supp. III 2009),[1] as well as his motion for leave to conduct discovery. Because the record conclusively shows that he is not entitled to relief, the Court denies his § 2255 motion without an evidentiary hearing. *See Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). Discerning no good cause for discovery, the Court denies Carlson's motion for leave to conduct discovery. *See* Rule 6(a) of the Rules Governing Section 2255 Proceedings ("A judge may, for good cause, authorize a party to conduct discovery . . . .").

Carlson's § 2255 motion essentially concerns the same subject matter as his motion for a new trial and his attorney's motion to withdraw. The Court denied the motions after a hearing, and the Eighth Circuit affirmed. *Carlson*, 613 F.3d at 817-19. In broad terms, there might have

---

[1] The Court expresses its gratitude to Elizabeth Royal for accepting an appointment to represent Carlson in connection with his § 2255 motion.

1

been a witness who might have testified that he had information about conversations overheard in a jail.  At the post-trial hearing, "counsel confirmed . . . that none of the available witnesses would have testified as to a plot regarding manufactured testimony at Carlson's trial."[2]  *Id.* at 819.  To the extent Carlson now claims that the witness had information regarding a plot to manufacture testimony in Carlson's trial and that the attorney did not proffer the information because of a conflict of interest, his claim is supported by hearsay in an investigator's affidavit that reveals the witness is unwilling to submit to a formal interview or to testify.  The record warrants neither discovery nor relief under § 2255.  *See Haouari v. United States*, 510 F.3d 350, 354 (2d Cir. 2007).

None of the alleged bases on which Carlson's § 2255 motion is grounded supports the requested relief.  Carlson does not fall within the ambit of *Holloway v. Arkansas*, 435 U.S. 475 (1978).  *See Ausler v. United States*, 545 F.3d 1101, 1103-04 (8th Cir. 2008).  He has not demonstrated that an actual conflict of interest adversely affected his attorney's performance such that relief under *Cuyler v. Sullivan*, 446 U.S. 335 (1980), would be appropriate.  *See Noe v. United States*, 601 F.3d 784, 790-91 (8th Cir. 2010).  And he has not demonstrated a deficiency in his attorney's performance that prejudiced him such that relief under *Strickland v. Washington*, 466 U.S. 668 (1984), would be appropriate.  *See Noe*, 601 F.3d at 791.

For these reasons and those set forth in the Government's Response to Defendant's Section 2255 Petition, as well as the Court's review of the record, the Court denies Carlson's § 2255 motion.  The Court also denies Carlson's motion for leave to conduct discovery.

---

[2]  At the post-trial hearing, the Court asked Carlson's attorney: "You do not claim to have witnesses who would testify that there was a plot to manufacture testimony in the Carlson trial.  Is that correct?"  The attorney responded, "That's correct, Your Honor."

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006); Fed. R. App. P. 22(b)(1). A court cannot issue a certificate of appealability unless the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Carlson has not demonstrated that reasonable jurists would find the rejection of his claim debatable or wrong. Thus, the Court declines to issue a certificate of appealability.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Carlson's § 2255 motion [Docket No. 423 in Criminal No. 07-123(4)] is DENIED.

2. Carlson's motion for leave to conduct discovery [Docket No. 425 in Criminal No. 07-123(4)] is DENIED.

3. A certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 9, 2012

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge